## CORBITT v. HEISEY.

1. REPLEVIN. That the legal title to the property in controversy is in a third party, is not a sufficient defense to an action of replevin when the plaintiff claims, in his petition, only the right of possession.

*Appeal from Des Moines District Court.*

### WEDNESDAY, DECEMBER 9.

THE facts are stated in the opinion of the Court.

*Charles H. Phelps* for the appellant.

No appearance for the appellee.

BALDWIN, Ch. J.—The plaintiff by replevin seeks to obtain the possession of a stallion taken by the defendant under an execution against him. The property is claimed as exempt from seizure, on the ground that plaintiff was the head of a family, and by the use of this horse habitually obtained a living.

A trial being had, the verdict of the jury was, that the plaintiff was entitled to the possession of the property. A motion to set aside this verdict being overruled, defendant appeals.

The appellant relies on but one assignment of error, and that is that the court below sustained the verdict of the jury

when the record shows that the plaintiff recovered not on his own title but upon an outstanding title in a third person.

Whether this kind of property is such as was intended by the Legislature to be exempted from seizure and sale we are not now asked to determine.

The point made is, that the title to the property was proven to be in another person, and therefore plaintiff in his own name could not recover in this action. The testimony is somewhat conflicting, and does not show conclusively that plaintiff had no other team; that the horse in question was part of the team claimed as exempt. This conflicting evidence, however, has been resolved by the jury in favor of plaintiff, and we do not feel disposed to disturb their finding.

The plaintiff was offered as a witness, and testified that the horse in controversy was the property of his wife, and it must be upon this evidence that appellant claims that plaintiff recovered, not upon his own title but upon that of another.

Whether this evidence alone would justify this conclusion of appellant, we do not stop to inquire. The plaintiff in his petition does not claim title in himself. He merely alleges his right to the possession. The wife may have been the owner, or, in other words, the outstanding title may have been in a third person, but it does not follow from this that plaintiff could not recover.

The Court instructed the jury, and this instruction was not objected to by defendant, that if plaintiff had the horse in his legal possession by an agreement with the owner to that effect, and used him for the support of his family, then the right of possession was in plaintiff.

The title to the horse was not properly a matter of controversy. The assignment is therefore not well taken, and the judgment is

Affirmed.